UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LARRAYSHA CONKLIN,

           Plaintiff,

   - against -

COMPLAINT AND
JURY TRIAL DEMAND

P.O. SARA MORRIS, Tax Registration No. 942240
and P.O. "JOHN DOE" 1-10,

           Defendants.
-----------------------------------------------------------------------X

      Plaintiff, LARRAYSHA CONKLIN, by her attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

      1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

      2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

      3.    Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343.

## VENUE

      4.    Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

      5.    Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

6. At all times relevant hereto, plaintiff, LARRAYSHA CONKLIN, was and is a natural person, resident in the County of Queens, City and State of New York.

7. At all times relevant hereto, defendant P.O. SARA MORRIS, Tax Registration No. 942240 (hereinafter "MORRIS") was and is a natural person, employed as a police officer by the Police Department of the City of New York.

8. At all times relevant hereto, defendants P.O. JOHN DOE 1-10 (hereinafter "DOE") were and are natural persons, employed as police officers by the Police Department of the City of New York.

9. The defendants are sued in their individual capacities.

## AS AND FOR A CAUSE OF ACTION
## (42 U.S.C. §1983)

10. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "9" hereinabove as if more fully set forth at length herein.

11. At all times relevant hereto, plaintiff was a lawful resident of the first floor of the premises with the address 117-18 219th Street, Cambria Heights, County of Queens, City and State of New York (hereinafter "subject premises").

12. Prior to July 1, 2015, defendant MORRIS intentionally and maliciously prepared a search warrant containing false information with regard to the subject premises and presented it to a Judge of the Criminal Court of the City of New York, who signed it.

13. Plaintiff was not a subject of the aforementioned search warrant. Rather, it was issued for plaintiff's brother and two other, unidentified, males.

14. Upon information and belief, the aforementioned search warrant falsely and maliciously described the subject premises as a one-family, not a two-family, residence.

15. On or about July 1, 2015, at approximately 7:00 A.M., defendant MORRIS and the "DOE" defendants broke down the front door of the subject premises and entered into it.

16. Defendant MORRISshowed the warrant for plaintiff's brother and the two other males to plaintiff.

17. However, plaintiff's brother was not present in the subject premises, being on active duty in the United States Army, in Afghanistan.

18. Present in the subject premises along with plaintiff were her mother and her four children.

19. Plaintiff, her mother and her children were ordered, by one or more of the defendants, to sit down and remain seated.

20. Plaintiff, her mother and her children complied with the aforementioned order.

21. For several hours, defendants performed a highly destructive search of plaintiff's home.

22. In the subject premises, there was an interior stairway leading from the first to the second floor. However, this access was separated from plaintiff's residence by a double-locked door, which was blocked by a dresser.

23. Several of the defendants exited plaintiff's apartment and used an outside entrance to the building to gain access the second floor to the stairway to the second floor.

24. No one was present on the second floor.

25. Defendants broke down the door leading to the second floor, entered the upstairs apartment, and found therein a marijuana farm.

26. After searching the upstairs apartment, the defendants returned to plaintiff's residence and ordered her and her family to come out to the backyard.

27. In the backyard, plaintiff and her mother were placed under arrest.

28. Plaintiff's children were taken from her and placed in the custody of the New York City Administration for Children Services.

29. Approximately four days later, the children were placed in foster care.

30. Plaintiff was transported to the stationhouse of the 105th Precinct and, eventually, to Queens Central Booking.

31. Plaintiff was arraigned before a Judge of the Criminal Court of the City of New York, County of Queens, and, on defendant MORRIS's complaint, was falsely and maliciously charged with grand larceny in the second degree, a C felony; two counts of theft of services, both A misdemeanors; and criminal possession of marijuana in the first degree, a C felony.

32. In addition to falsely and maliciously charging plaintiff with maintenance and operation of the marijuana farm, defendant MORRIS's complaint also falsely and maliciously charged plaintiff with being in possession of stolen designer handbags and various electronic items and with having stolen electricity from the Consolidated Edison Company of New York, which electricity was used in the operation of the aforementioned marijuana farm.

33. Both in preparing the aforementioned search warrant and the aforementioned criminal complaint, defendant MORRIS intentionally and maliciously

omitted mentioning that there were two separate electrical meters, indicating two separate electrical services, at the subject premises.

34. All charges against plaintiff were adjourned in contemplation of dismissal on March 2, 2016.

35. In September 2016, all the charges against plaintiff were dismissed and sealed.

36. The aforementioned handbags and electronics were all returned to plaintiff, as they were all her lawful property.

37. As a result of plaintiff's arrest, the New York City Administration for Children Services filed a petition, in Family Court of the State of New York, County of Queens, seeking to have plaintiff's parental rights to her children permanently terminated.

38. In or about May 2016, the aforementioned petition was denied and plaintiff's children were restored to her.

39. Defendants violated rights guaranteed to plaintiff by the fourth and fourteenth Amendments to the Constitution of the United States in that, acting under color of state law, they purposely, intentionally, and maliciously prepared and obtained a search warrant replete with false allegations, arrested plaintiff and falsely charged her with two felonies and two misdemeanors, without having probable cause to do so, and destroyed real and personal property in plaintiff's dwelling.

40. Because of the aforementioned acts committed by defendants, plaintiff suffered a violation of rights guaranteed to her by the fourth and fourteenth amendments to the Constitution of the United States and, as a result, lost her liberty; lost custody of her children for a period of approximately ten months; suffered severe

emotional injury, for which she required hospitalization and treatment; incurred medical expenses; incurred legal expenses for her defense against the charges falsely made against her; and incurred expenses for repairs of the damage done to her home.

41. By reason of the unconstitutional and illegal actions taken against her by defendants, plaintiff has been damaged in an amount sufficient to compensate her for her injuries as enumerated hereinabove, and, in addition, seeks punitive damages against defendants.

WHEREFORE, plaintiff, LARRAYSHA CONKLIN, demands judgment against defendants, P.O. SARA MORRIS, Tax Registration No. 942240, and P.O. "JOHN DOE" 1-10, in an amount sufficient to compensate her for her injuries as enumerated hereinabove, and, in addition, seeks, punitive damages against defendants.

In addition, plaintiff demands the costs and disbursements of this action, including her attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
       June 29, 2018

_____
ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2374